IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY Q. KELLY, #352736 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. AW-09-2241 |
| BOBBY SHEARIN, et al. | * | |
| Respondents. | | |
| | *** | |

**<u>MEMORANDUM</u>**

On August 21, 2009,[1] the court received the instant twenty-one page 28 U.S.C. § 2254 "Emergency" Petition for habeas corpus relief raising a direct attack on Petitioner's 2008 convictions on murder, rape, and other related offenses arising out of three separate trials in the Circuit Court for Montgomery County.[2] Petitioner, who is confined at the North Branch Correctional Institution in Cumberland, Maryland, sets out a rambling list of claims and statements which seemingly challenge: (1) the sufficiency of the indictment and the evidence at trial; (2) the prosecution's failure to try him in a prompt and "speedy" manner; (3) the fairness of the trial judge; (4) the failure to provide him notice of the charges raised against him; (5) the constitutionality of jury instructions related to the burden of proof imposed on the prosecution; and (6) the denial of his right to an appeal. Paper No. 1. A Supplemental Petition, which reiterated the original claims, was received for filing on or about August 27, 2009.[3] Paper No. 3. On October 9, 2009, Respondents filed an Answer, asserting that Petitioner has not exhausted his available state court remedies. Paper No. 8. Petitioner has filed a Reply. Paper No. 9.

---

[1] Under the "prison mailbox rule," the Petition is deemed filed August 14, 2009. *See Houston v. Lack*, 487 U.S. 266, 272-73 (1988).

[2] The Petition is accompanied by hundreds of pages of documents from Petitioner's state court proceedings including, but not limited to, indictments, transcripts, evidence reports, appellate briefs, and criminal docket entries.

[3] In a second Supplemental Petition, Petitioner submitted a copy of his appellate brief.

Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan v. Boerckel*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state's highest court. *Id.* at 847.

---

Paper No. 6.

In October of 2002, Petitioner was charged with first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433.  Paper No. 8, Ex. 1.  In May of 2003, he was charged with two counts of first-degree murder, burglary, armed robbery, theft, and use of a handgun in *State v. Kelly*, Case No. 97760.  *Id*., Ex. 2. Also in May of 2003, he was charged with two counts of first-degree murder, burglary, armed robbery, theft, and use of a handgun in *State v. Kelly*, Case No. 97749.  *Id*., Ex. 3.  All charges were filed in the Circuit Court for Montgomery County.  At the conclusion of pre-trial hearings, on June 3, 2004, Petitioner was declared incompetent to stand trial in all three cases.  *Id*., Exs. 1-3.  On February 5, 2008, however, the Circuit Court determined that Petitioner was competent to stand trial in all three cases.  *Id*.

On June 11, 2008, a jury found Petitioner guilty by a jury of first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433.  On July 2, 2008, a jury found him guilty of first-degree rape in *State v. Kelly*, Case No. 97760.  On August 4, 2008, a jury found Petitioner guilty of two counts of first-degree murder, burglary, armed robbery, theft, and two counts of use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 97749.  On September 8, 2008, Petitioner was sentenced in all three cases to four consecutive life sentences plus additional twenty- and eighty-year consecutive terms.

Petitioner noted a *pro* se appeal from all three judgments of conviction to the Court of Special Appeals of Maryland.  On July 10, 2009, the appeals were dismissed on grounds of non-compliance with the rules of appellate procedure.  *Id*., Ex. 4.  Petitioner's request for further review of the dismissal of his appeal was denied by the Court of Appeals of Maryland on July 21, 2009. *Id*., Exs. 5-6.  His reconsideration request was denied by the Court of Special Appeals on August 31,

2009. Paper No. 8, Ex. 7. According to Respondents, Petitioner has not sought state post-conviction relief with respect to the convictions he is challenging in this court. They argue that Petitioner did not perfect his direct appeals and, as he has yet to initiate post-conviction proceedings, his claims remain unexhausted and the Petition should be dismissed.

In his Reply, Petitioner claims that exhaustion requirement only mandate that he present his claims to the highest state court once and it is not necessary to seek both direct appeal and state post-conviction review. Paper No. 9. In sum, he asserts that he does not need to pursue claims through a post-conviction remedy as long as those claims were raised on direct appeal. *Id*.

There is no dispute that while Petitioner sought direct appeal in all three criminal prosecutions in the Court of Special Appeals, the appellate court never reviewed the claims due to Petitioner's non-conpliance with Maryland Rules (failure to provide transcript). At this juncture, Petitioner has yet to file a post-conviction petition. Therefore, none of his claims have been fully addressed on direct or collateral state court review. Remedies on state collateral review remain available to him and it may be that the post-conviction process will allow Petitioner to have his claims addressed on the merits. Consequently, the Petition is not subject to substantive review in federal court at this time. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

For the aforementioned reasons, the court shall dismiss this Petition without prejudice for the failure to exhaust state court remedies.[4] A separate Order shall be entered reflecting this decision.

Date: November 18, 2009          _____/s/_____
                                 Alexander Williams, Jr.
                                 United States District Judge

---

[4] When refiling his claims after exhausting his state court remedies, Petitioner is advised that he must file separate petitions and claims as to each of his three trials.